F. J. ALTZMAN ET AL *v.* COLBY HAMMOND ET AL.

**Guardian and Ward—Duty of Guardian to Protect Interest of Ward.**

A guardian, who procures the sale of the ward's land, by a duly appointed commissioner, and then contracts the same for a specific sum to another, and at the sale buys the property for a smaller amount, is held to be liable on his bond for the difference in price, to his ward.

APPEAL FROM OWEN CIRCUIT COURT.

June 30, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Moses Altzman, principal, and Colby Hammon, as his surety, covenanted that the former as guardian for John W. Perkins, Mary Perkins and Garret Perkins, infant heirs of Garret Perkins, deceased, should faithfully perform his duties as guardian and obey all orders of court made in the case in which the covenant was taken.

Before Altzman, as guardian for the persons named, had obtained a judgment for the sale of his ward's land, he had contracted to sell it to Coulson at the price of three hundred and eighteen dollars, and that sum he realized for it, as Coulson proves, although he purchased it at the decretal sale at $150, less than one-half the price he got for it, and which he had contracted for when he purchased it.

A faithful performance of his duty as guardian for his wards requires and demands of him to account to them for the price he sold their land. He procured the decretal sale of it, and became the purchaser doubtless in order that he might consummate the sale to Coulson, who would, as may be presumed, have been a bidder at the judicial sale, if he had not contracted with Altzman for it before said sale came off. And in that way competition in bidding at the sale was prevented, and the guardian got the land at whatever he chose to bid for it, certainly at less than half the price he knew he would realize for it when he bid. He should, therefore, be made to pay and his bond with that of his surety binds them to account for the three hundred and eighteen dollars, the price Coulson paid Altzman for the land, subject, however, to be reduced by the amount of any debts of the decedent, Perkins, that it can be shown said Altzman may have paid out of the price, and which the personal estate of said decedent proved insufficient to pay.

And as it appears that the widow of Perkins, then the wife of Altzman, in court, perhaps upon privy examination, waived her claim to dower in the land, and consented that her said husband should retain it, she cannot assert any claim to it now.

But for the reasons stated, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Major & Montgomery, for appellants.*

*Marshall, for appellees.*